UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE B.A., a minor individual, through
her mother and next friend
MARY DOE R.J.,

      Plaintiff,                                    Case No. 18-2476-CM

      v.

USD 102, The Cimarron-Ensign School
District and
JARA WILSON, an individual,

      Defendants.

## **ORDER**

The adult plaintiff in this action filed the complaint under the pseudonym Mary Doe R.J. ("R.J."), asserting claims on behalf of her minor daughter, identified as Jane Doe B.A. ("B.A."), against the Cimarron-Ensign School District (USD 102) and one of its school principals. On December 10, 2018, the court ordered R.J. to show cause why her full name should not be fully disclosed as contemplated by the Federal Rules of Civil Procedure (ECF No. 17). R.J. has responded (ECF No. 23), and the court finds she has demonstrated exceptional circumstances in which the need for her anonymity outweighs the public interest.

1

## I. Factual Background

The following facts come from plaintiff's complaint (ECF No. 1). Plaintiff alleges B.A. was the victim of repeated sexual harassment by another student while she was an eighth-grade student at Cimarron-Ensign Junior/Senior High School in Cimarron, Kansas. The harassment occurred at school, during school hours, and included incidents of touching, as well as verbal assaults. B.A. reported the harassment to her school counselor, two teachers, and principal. Thereafter, other students began bullying her in retaliation, including threatening her with death. B.A. missed school due to related anxiety, depression, and stress. She eventually found it necessary to withdraw from the school district and enroll in a school district in a nearby community. B.A. has suffered and continues to suffer severe emotional distress, as well as physical manifestations of emotional distress. The complaint asserts claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., and under the Kansas Tort Claims Act.

## II. Legal Standards for Proceeding under a Pseudonym

As discussed in the court's show-cause order, proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure.[1] Rather, Rule 10(a) requires that

---

[1] *See* ECF No. 17 at 1; *see also Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)); *Doe v. USD No. 237, Smith Ctr. Sch. Dist.*, No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure. The Federal Rules of Civil Procedure do not contemplate the anonymity of

2

the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."[2] These rules recognize the "substantial benefit to maintaining open court proceedings" in which the public knows the identity of litigants.[3] The Tenth Circuit has stated that the public has an "important interest in access to legal proceedings."[4] In addition, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."[5] Thus, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[6]

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[7] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly

---

parties." (internal quotation and citation omitted)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018) ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").

[2] Rule 5.2(a)(3) does permit the identification of minor parties, such as B.A., by their initials.

[3] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11.

[4] *Femedeer*, 227 F.3d at 1246.

[5] *Id.*

[6] *Id.*

[7] *Id.*

3

sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[8]

When a plaintiff seeks to proceed anonymously, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest."[9] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[10]

**III. Analysis**

Plaintiff asserts the highly personal and sensitive nature of this action, in which a minor could be subject to the type of harm litigated against if her mother's identity is revealed, outweighs the general public interest in open litigation. The court agrees.

Without minimizing the importance of maintaining open court proceedings, the court determines the specific and unique facts of this case warrant permitting R.J. to continue in this action under her pseudonym. First, the court finds that if the identity of R.J. is publicly revealed, the identity of B.A. will be easily determined. Cimarron is a small town, with a population of approximately 2,000 people. It has only one elementary school

---

[8] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[9] *Zavaras*, 139 F.3d at 803.

[10] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005). *See also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *3 (holding the adult plaintiff had demonstrated exceptional circumstances in which the need for anonymity outweighed the public interest in having access to the identity of the minor plaintiff's parents).

4

O:\ORDERS\18-2476-CM-23.docx

and one combined junior/senior high school. R.J. declares she is known in the community, and community members know B.A. is her daughter.[11] Because of the "inseparable relationship" between B.A. and her parent, "[o]rdering disclosure of the parent's identit[y] would place—in effect—personally identifiable and confidential information about the alleged sex[ual] harassment of a minor in the public record."[12]

Second, the fact that B.A. was a minor at all times material to the allegations of the complaint is greatly significant. The allegations involve matters of a highly sensitive and personal nature, which occurred while B.A. was a junior-high-school student. "Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature."[13] Judges in this district have consistently found allegations of sexual assault and harassment of minors to be of a nature justifying protecting the identity of the minor.[14]

Third, there is a potential danger of physical and emotional harm to B.A. if her identity becomes publicly known. The complaint alleges that after B.A. reported the sexual harassment by her co-student, she was subjected to other retaliatory and intimidating actions by students and community members, including one threatening her with death.

---

[11] ECF No. 23-1.

[12] *Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2.

[13] *Id.*

[14] *See, e.g., M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10; *J.B. v. Liberal Sch. Dist.*, No. 06-2359, 2006 Lexis 67622, *3-5 (D. Kan. Sept. 20, 2006).

There is a risk that public disclosure of R.J.'s identity in this case might lead to further such incidents of retaliation and intimidation against B.A. Thus, B.A. would be at risk for the injury litigated against (retaliation), and the possibility of resulting physical and/or emotional harm. "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure."[15]

Finally, the court notes defendants would not be prejudiced by R.J. continuing to proceed under her pseudonym in this action because they already know her identity.[16] Nor does the court note any specific benefit to the public from learning R.J.'s identity.[17]

---

[15] *Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3; *see also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 ("[T]he real potential of additional psychological harm—one of the very injuries litigated against here—is sufficient to outweigh the public interest in disclosure.").

[16] *See Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 ("The Court also finds that Defendants will not be prejudiced in their defense of the case, if Plaintiffs proceed by pseudonym. In the Complaint, Plaintiffs claim the student reported the assault to at least one teacher and a school resource officer . . . so it is highly likely the identity of the Plaintiffs is exposed."); *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity").

[17] *See Liberal Sch. Dist.*, 2006 Lexis 67622, at *5 ("The court fails to see how the interests of the public are implicated, apart from generalized interests . . . . Because the court does not find that the public has a significant, specific interest in the disclosure of plaintiff's identity and does find that plaintiff has a valid interest in not having his identity linked with the highly sensitive and personal matters at issue in this lawsuit, the court concludes that plaintiff's request to proceed under a pseudonym should be allowed.").

R.J. has demonstrated that this is an exceptional case in which the need for anonymity outweighs the public interest in having access to the identity of B.A.'s parent. The sexual harassment of a minor involves matters of a highly sensitive and personal nature. The alleged facts of the case demonstrate risks of future physical harm and repetition of the injury against which plaintiff is litigating. Accordingly, the court allows R.J. to proceed in this case under her pseudonym.

IT IS SO ORDERED.

Dated January 15, 2019, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge